UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALCLIFF MORGAN DALEY,<br><br>                  Plaintiff,<br><br>         vs.<br><br>PELAYO, et al.,<br><br>                  Defendants. | **1:20-cv-01129-GSA-PC**<br><br>**ORDER FOR CLERK TO RANDOMLY ASSIGN A UNITED STATES DISTRICT COURT JUDGE TO THIS CASE**<br><br>     **AND**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF No. 13.)**<br><br>**OBJECTIONS, IF ANY, DUE BY <u>APRIL 17, 2023</u>** |

**I.      BACKGROUND**

Alcliff Morgan Daley ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 13, 2020. (ECF No. 1.) On February 28, 2022, the Court

screened the Complaint and dismissed it for failure to state a claim, with leave to amend. (ECF No. 12.) On March 21, 2022, Plaintiff filed the First Amended Complaint, which is now before the Court for screening. 28 U.S.C. § 1915. (ECF No. 13).

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Corcoran State Prison in Corcoran, California (ECF No. 14). The events at issue in the First Amended Complaint allegedly occurred at Kern Valley State Prison, Delano, California, when Plaintiff was incarcerated there in the custody of the

California Department of Corrections and Rehabilitation.  Plaintiff names as defendants Correctional Officer (C/O) Pelayo, C/O Marin, C/O Ochoa, Sergeant J. Anderson, and Lieutenant A. Martinez (collectively, ("Defendants")).  Plaintiff proceeds against Defendants in their individual and official capacities.

Following are Plaintiff's allegations:

On March 14, 2019, defendant C/O Pelayo was made aware of Plaintiff's lower bunk chrono, which Pelayo deliberately ignored, saying, "Don't worry about it," [I need bed space], then moved Plaintiff to Building #2. After Plaintiff arrived at Building #2, Plaintiff also informed defendants C/O Marin and C/O Ochoa that he had a lower bunk chrono, which they also deliberately ignored and told Plaintiff to go into the cell and not to worry about it or they would give him a 115 for refusing housing.  Plaintiff was housed with inmate Quincy Porter who also has a lower bunk, lower tier chrono.  Plaintiff has proof in the computer to show that he has a temporary lower bunk chrono. Defendants Sergeant J. Anderson and Lieutenant A. Martinez deliberately ignored his lower bunk chrono and assigned him to the upper bunk in Building #2, Cell #130 with inmate Porter.

After Plaintiff finished his PT (physical therapy) due to his fractured wrist, it was recommended that Plaintiff see the doctor. On April 24, 2019, the doctor upgraded his lower bunk chrono from temporary to permanent.  After Plaintiff went back to his cell defendant C/O Marin came to his cell door and told him to pack his property that they were going to move Plaintiff to Building #6.  When Plaintiff was coming down from the top bunk C/O Marin saw Plaintiff slip and fall on his back, hitting his head and losing consciousness.  Plaintiff suffered excruciating back and neck pain.  Plaintiff was transferred to the outside Delano Regional Medical Center for medical evaluation.  The doctor performed an MRI test and Plaintiff was diagnosed with a neck and lumbar back sprain.

Plaintiff seeks monetary damages, including punitive damages, as relief.

///

///

///

## IV.  PLAINTIFF'S CLAIMS

### A.  Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities
>
> secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

### B.  Failure to Protect – Eighth Amendment Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted).  The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. Id. at 834. A prison official is deliberately indifferent if he knows of and deliberately disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. Id. at 837.

Allegations in a *pro se* complaint sufficient to raise an inference that the named prison officials knew that plaintiff faced a substantial risk of serious harm and disregarded that risk

4

by failing to take reasonable measures to abate it state a failure-to-protect claim. See Hearns v. Terhune, 413 F.3d 1036, 1041-42 (9th Cir. 2005) (citing Farmer, 511 U.S. at 847). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently "substantial risk of serious harm" to his future health. Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer, 511 U.S. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."

Id. at 1060.  "[E]ven gross negligence is insufficient to establish a constitutional violation."  Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

**Discussion**

The court accepts the allegations of the operative complaint as true and construes those allegations in the light most favorable to the plaintiff. The court accepts as true that on March 14, 2019, Plaintiff had been issued a chrono for a lower bunk bed, that Defendants knew about the chrono but housed him in an upper bunk bed, and that on April 24, 2019, Plaintiff fell when climbing down from the upper bunk and injured himself.

Plaintiff alleges that by ignoring Plaintiff's lower bunk chrono Defendants violated his Eighth Amendment right by failing to protect him from unsafe conditions.

**1. Allegations against a group (Anderson, Martinez, Marin & Ochoa)**

Plaintiff alleges that defendants Anderson and Martinez [**collectively**] ignored his lower bunk chrono and assigned him to the upper bunk in Building #2, Cell #130.  Plaintiff also alleges that defendants Marin and Ochoa [**collectively**] ignored his lower bunk chrono and told Plaintiff to go into the cell and not to worry about it or they would give him a 115 for refusing housing. These allegations are insufficient to state an Eighth Amendment claim against these individual defendants.  Plaintiff cannot state a claim against an individual Defendant unless he demonstrates in his allegations that the individual defendant, identified by name, ***personally and individually*** acted or failed to act, violating Plaintiff's rights.  Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff was informed of this requirement in the court's February 28, 2022 screening order, which advised Plaintiff that "[to] state a claim against Defendants for failure to protect him, Plaintiff must make factual allegations demonstrating that *each* individual Defendant knew that Plaintiff was at risk of serious harm and yet ignored the risk and acted unreasonably, causing Plaintiff harm." (emphasis in original), (ECF No. 12 at 5:1-3), and "Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights" (emphasis in original), (ECF No. 12 at 7:25-26),  yet has failed to provide personal and

individual facts as instructed.  Therefore, Plaintiff fails to state an Eighth Amendment claim against defendants Anderson and Martinez for their collective acts, and against defendants Marin and Ochoa for their collective acts.

## 2. Defendant Marin

Plaintiff also alleges that defendant C/O Marin, acting individually, came to his cell door on April 24, 2019 and told him to pack his property, that they were going to move Plaintiff to Building #6 [and] when Plaintiff was coming down from the top bunk, C/O Marin saw him slip and fall on his back, hitting his head and losing consciousness.  These allegations, without more, are insufficient to state a claim against Defendant Marin for failure to protect Plaintiff because Plaintiff has not alleged facts showing that defendant Marin: 1- knew the reason Plaintiff had a lower bunk chrono (*objective prong*); and,  2- based on that knowledge acted with deliberate indifference (*subjective prong*).  Moreover, even taken as true for purposes of the complaint that defendant Marin knew that Plaintiff had been issued a lower bunk chrono, there are no allegations that Defendant Marin knew of, or was aware of the facts contained in Plaintiff's chrono from which the inference could be drawn that a substantial risk of serious harm existed. Plaintiff does not allege that he told Marin about his medical condition for which the chrono was issued, or that Marin knew from another source (perhaps from the chrono itself) what was in the chrono.  Nor does Plaintiff explain what happened to cause him to fall. This lack of critical factual information in Plaintiff's First Amended Complaint as it relates to defendant Marin makes clear that Plaintiff has not demonstrated an Eighth Amendment violation for a failure to protect (see, below #4).

## 3. Defendant Pelayo

With regard to defendant Pelayo, Plaintiff alleges that on March 14, 2019, defendant Pelayo was made aware of Plaintiff's lower-bunk chrono, which Pelayo deliberately ignored, saying, "Don't worry about it," [I need bed space], then moved Plaintiff to Building #2 where he was housed on an upper bunk.  As stated above with respect to defendant Marin, Plaintiff again has not alleged that: 1- defendant Pelayo was aware of the facts or basis for the lower bunk chrono (objective prong); and 2- and based on that knowledge acted with deliberate indifference (subjective prong).  Moreover, Plaintiff does not allege sufficient facts to show that Defendant

Pelayo was "aware of the reasons for the medical chrono," or the "dangers from disregarding it." See Smith v. Pina, No. 1:11-CV-1651-LJO-MJS (E.D. Cal. May 24, 2012), 2012 U.S. Dist. LEXIS 72752, 2012 WL 2617598, at *2-3, *report and recommendation adopted*, No. 1:11-CV-1651-LJO-MJS (E.D. Cal. July 5, 2012), 2012 U.S. Dist. LEXIS 93030, 2012 WL 2605004; Munoz v. Cal. Dep't of Corr. & Rehab., No. 1:16-CV-01103-LJO-MJS (E.D.Cal. Oct. 26, 2016.) 2016 U.S.Dist.LEXIS 149266, at *7.) Plaintiff's allegations that Defendant Pelayo acted with deliberate indifference are conclusory in that Plaintiff pleads no facts to suggest Defendant Pelayo knew of the reason for the lower bunk chrono, and then ignored a substantial risk of harm to Plaintiff connected to that reason. Therefore, Plaintiff fails to state a cognizable Eighth Amendment failure-to-protect claim against Defendant Pelayo (see, below #4).

### 4. Failure on both the Objective & Subjective prongs of an Eighth Amendment violation as to all 5 defendants

In order to establish an Eighth Amendment violation, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference. Munoz, 2016 U.S. Dist. LEXIS 149266. By Plaintiff not establishing what facts the named defendants knew for the reason of Plaintiff's lower bunk chrono, nor what risk of harm Plaintiff faced if the lower bunk chrono were ignored, he has failed on both the objective and subjective prongs of an Eighth claim. See Galligar v Franke, 2015 U.S. Dist. LEXIS 176489. And even if "a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk". Munoz, supra.    Therefore, the Court finds that Plaintiff fails to state a cognizable Eighth Amendment failure-to-protect claim against any of the Defendants.

### C. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). To state a

cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014).

Plaintiff fails to state a claim for retaliation against defendants Marin and Ochoa. Plaintiff alleges that on March 14, 2019, Plaintiff informed defendants C/O Marin and C/O Ochoa that he had a lower bunk chrono, which they deliberately ignored and told Plaintiff to go into his cell and not to worry about it or they would give him a 115 for refusing housing. Plaintiff's notification to these defendants about his chrono may be protected conduct under the First Amendment, and the threat against Plaintiff that he would be given a 115 for refusing housing is an adverse action against Plaintiff.[1]

However, as discussed above in the Court's analysis of Plaintiff's Eighth Amendment failure to protect claim, and below regarding a medical indifference claim, Plaintiff has not alleged facts against defendants Marin and Ochoa as individuals showing that they each acted personally and individually to violate Plaintiff's First Amendment rights, and therefore Plaintiff fails to state a retaliation claim against either of these two defendants.

**D.     Eighth Amendment Medical Indifference**

The Eighth Amendment prohibits the infliction of cruel and unusual punishments. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Jones v. Lewis, 2019 U.S. Dist. LEXIS 37839 at *16 (quoting Whitley v. Albers, 574 U.S. 312, 319 (1976). Neither accident nor negligence constitutes cruel

---

[1] Courts have found protected activity where an informal complaint was submitted as a verbal complaint to a superior. See Gathrite v. Wilson, No. 3:19-cv-01852-JAH-NLS, 2020 WL 4201668 (S.D. Cal. July 22, 2020); see also Ahmed v. Ringler, No. 2:13-CV-1050 MCE DAD, 2015 WL 502855, at *4 (E.D. Cal. Feb. 5, 2015) (finding inmate's verbal complaints about improper search of cell and seizure of his property to superior constituted protected conduct); see also Hackworth v. Torres, No. 1:06-cv-773 RC, 2011 WL 1811035, at *1 (E.D. Cal. May 12, 2011) (rejecting defendant's argument that prisoner's verbal objections to a prison policy during housing classification committee meeting with prison staff was not protected by the First Amendment because the inmate had not filed a written grievance); see also Leslie v. Claborne, 1:19-cv-00366-NONE-GSA-PC, 2021 WL 4523720, at *4 (E.D. Cal. Oct. 4, 2021) (finding plaintiff's reporting of officer misconduct to a captain was protected); see also Uribe v. McKesson, No. 08-cv-1285 DMS (NLS), 2011 WL 9640, at *12 (prisoner's attempt to report a prison official's misconduct, either "verbally or in writing, constitutes speech or conduct entitled to First Amendment protection.").

and unusual punishment. Id. An Eighth Amendment medical claim has two elements, the seriousness of the prisoner's medical need, and the nature of the defendant's response to that need. Id. As with an Eighth Amendment failure to protect claim, an Eighth Amendment medical claim also has both an *objective* and *subjective* component. Juarez v. Butts, 2015 U.S. Dist. LEXIS 169635 at *6.). Here, as in the analysis above relating to a claim of failure to protect, Plaintiff has not established that defendants knew of, or were aware of a serious medical need, nor established that defendants responded with deliberate indifference by intentionally interfering with that serious medical need. See Farmer v Brennan, 511 U.S. 825; Hutchinson v. United States, 838 F.2d 390 (9th Cir. 1988).

**V.     CONCLUSION AND RECOMMENDATIONS**

For the reasons set forth above, the Court finds that Plaintiff's First Amended Complaint fails to state a cognizable claim against any of the Defendants for failing to protect Plaintiff under the Eighth Amendment, for retaliation under the First Amendment, for a violation of an Eighth Amendment Medical claim, or for any other claim upon which relief may be granted. Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." However, a district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013). In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with guidance by the Court. Plaintiff has now filed two complaints without alleging facts against any Defendants which state a claim under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, **IT IS HEREBY ORDERED** that the Clerk of Court randomly assign a United States District Judge to this case.

**AND**

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1.     This case be dismissed, with prejudice, for failure to state a claim; and

2.     The Clerk be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **On or before April 17, 2023**, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 28, 2023**                          **/s/ Gary S. Austin**
                                                                                 UNITED STATES MAGISTRATE JUDGE