Alcliff Daley F23701
Name and Prisoner Booking Number

Corcoran
Place of Confinement

P.O. Box 3471
Mailing Address

Corcoran CA 93212
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

**LODGED**

APR 17 2023

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Alcliff Daley
(Full Name of Plaintiff)            Plaintiff,

v.

(1) Correctional Officer Pelayo
(Full Name of Defendant)

(2) Correctional Officer Marin

(3) Correctional Officer S. Ochoa

(4) John Doe
                Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them

CASE NO. 1:20-cv-01129-JLT-GSA
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☑ Second Amended Complaint

**RECEIVED**
APR 17 2023
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____OL_____DEPUTY CLERK

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: Kern Valley

Revised 3 15 2016

1

## B. DEFENDANTS

1. Name of first Defendant: __Pelayo__. The first Defendant is employed as: __Correctional Officer__ at __Kern Valley__.
   (Position and Title)                         (Institution)

2. Name of second Defendant: __Marin__. The second Defendant is employed as: __Correctional Officer__ at __Kern Valley__.
   (Position and Title)                         (Institution)

3. Name of third Defendant: __S. Ochoa__. The third Defendant is employed as: __Correctional Officer__ at __Kern Valley__.
   (Position and Title)                         (Institution)

4. Name of fourth Defendant: __John Doe__. The fourth Defendant is employed as: __CDCR Employee And/or ADA Coordinator Supervisor who Approves Bed Moves__ at __Kern Valley__.
   (Position and Title)                         (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☐ Yes   ☑ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: <u>Deliberate indifference to a serious medical need resulting in a significant injury.</u>

2. **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☑ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: ____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   1.) Plaintiff Alcliff Daley ("Plaintiff"), is a California Department of Corrections and Rehabilitations ("CDCR") inmate currently confined at Corcoran State Prison. The incident giving rise to this complaint and at all times mentioned herein occurred at Kern Valley State Prison ("KVSP").

   2. In August of 2018 Plaintiff fractured his right wrist.

   3. The fracturing of Plaintiff's wrist caused him to alter his daily activities and prevented him from conducting nominal tasks such as picking up items off his desk and turning pages in a book.

   4. CDCR Medical staff at KVSP in response to the fracture and resulting pains and sufferings assigned Plaintiff to a medical restriction of being confined and assigned to the lower bed inside of the cell.

   5. This is known thru out CDCR as a Lower Bunk Chrono ("LBC").

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s). <u>Suffered Neck and lumbar back sprain</u>

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☑ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim I?  ☑ Yes  ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level?  ☑ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. ____

3

## CLAIM II

1. State the constitutional or other federal civil right that was violated: ADA Claim Defendants Pick And Choose When Plaintiff Can enjoy ADA Accomodations.

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☑ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   See Compl.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Fell off of Upper bunk Sprained Neck & Back

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☑ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim II?  ☑ Yes ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level?  ☑ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

6. On March 14, 2019, Defendant Pelayo approached Plaintiff then informed him that he would be moving to a different housing unit and cell, Housing Unit 2.

7. Defendant Pelayo is a properly trained CDCR Correctional officer.

8. Defendant Pelayo is sued in and as an individual.

9. Pelayo told Plaintiff that he would be moving to an upper bunk

10. Plaintiff informed Pelayo that he had a lower bunk chrono and to check the computer to verify it.

11. Pelayo checked the institutional Computer System ("SOMS") and it refleted that Plaintiff was only to be assigned to a lower bed.

12. In response Pelayo told Plaintiff "dont worry about it, I need bed space."

13. Plaintiff was swiftly moved into the new housing unit

14. Upon arriving to Housing Unit 2 Plaintiff was received in the building by Defendants Marin and Ochoa.

15. Defendants Marin and Ochoa are properly trained CDCR

TITLE OF DOCUMENT: _____  CASE NO.: _____

PAGE NO. 5 OF 12

1 Correctional Officers.

3 16. Defendants Marin and Ochoa are sued in thier Individual
4 Capacities

6 17. Marin told Plaintiff that he was moving into cell 130
7 upper.

9 18. Plaintiff objected telling him that he had a LBC and that
10 it was in the computer.

12 19. Ochoa then went onto the SOMS system to verify.

14 20. Plaintiff told Marin and Ochoa that he could not adequately
15 grip anything and it was extremely painful for him to go onto
16 or get down from the upper bunk.

18 21. Ochoa responded telling Plaintiff that he did see Plaintiff's
19 LBC but they needed the bed space and as soon as another
20 lower bed became available they would move Plaintiff into the
21 cell.

23 22. Plaintiff continued to attempt to explain his difficulties
24 when Marin stated "Are you refusing?", "Are you refusing because
25 we have alot of lower bunks in Ad-Seg."

27 23. Plaintiff responded "No" he was not refusing and could he speak
28 to the Supervisor.

TITLE OF DOCUMENT:_____   CASE NO.: _____

PAGE NO. 6 OF ___

24. Marin then told Plaintiff that the Seargent had approved the bed move and if Plaintiff did not go into the cell he would receive a CDCR 115 for delaying an officer, and would go to Ad-seg for refusing housing.

25. Plaintiff then went into the cell.

26. Plaintiff began to experience inceased pains in his wrist from going onto and getting down off the upper bunk.

27. On a daily basis Plaintiff complained to defendants about being housed on the upper bunk and requested that he be moved to a cell where he could have a lower bunk.

28. Plaintiff requested to be moved on atleast 20 occassions but defendants continued to ignore his request

29. On April 24, 2019, Plaintiff went to see his Primary Care Physician.

30. Plaintiff told his doctor about his being assigned to the upper bunk eventhough he had LBC.

31. The doctor updated and addressed the LBC making it permanate

32. Upon returning to the building, 30 minutes after the doctor visit, Marin told Plaintiff to pack his property he was moving to a lower bed in a different building. Marin was standing at Plaintiff's door

7.

33. As Plaintiff was getting down off the bunk in response he fell onto his back hitting his head and lost consciousness.

34. The fall resulted in Plaintiff suffering a neck and lumbar back sprain.

## A.

### PLAINTIFF'S LEGAL CLAIMS AGAINST DEFENDANTS PELAYO, MARIN AND OCHOA.

35. Plaintiff realleges and reincorporates paragraphs 1-34.

36. Defendants Pelayo, Marin, and Ochoa (collectively "Defendants") are all properly trained and experienced correctional officers.

37. Defendants know and are aware that when an inmate has a LBC, that the inmate is not to be assigned to an upper bunk for medical reasons.

38. Defendants know and are aware that it is extremely dangerous to place, assign, or direct an inmate with a LBC to the upper bunk.

39. Defendants have personally experienced the harmfull effects of inmates being placed on an upper bunk while they are medically assigned LBC

40. Defendants where aware and knew that by placing Plaintiff on the upper bunk while he had a LBC they were placing Plaintiff in a dangerous situation.

-B-

41. While being aware that their conduct of ignoring Plaintiff LBC, and placing him on the upper, Plaintiff would suffer severe harm or death.

42. Defendants chose to ignore their training and experiences with LBC and did willingly, knowingly, and intentionally did place Plaintiff in a dangerous situation, to wit, ordering him to an upper bunk

43. As a result of their intentional and direct actions Plaintiff fell off the upper bunk which caused him to suffer a neck and lumbar back sprain.

44. Plaintiff is currently and consistently in a great deal of pain due to the conduct of Defendants.

45. Defendants are the proximate cause of Plaintiff's injuries

46. Defendants conduct violated 42 USC 1983 and the American Disabilities Act ("ADA").

## B.
## PLAINTIFF'S ADA CLAIMS AGAINST DEFENDANT DOE AND DEFENDANTS PELAYO, MARIN AND OCHOA

47. Plaintiff fractured his right wrist which causes him to significantly alter his daily activities. Under the ADA he is to be accom.

48. Plaintiff re-incorporates and realleges paragraphs 1-47.

9.

49. Defendants Does is the KVSP supervisor and ADA Coordinator responsible for accommodating Plaintiff with a Lower bed.

50. Defendant Doe on March 14, 2019, Approved for Plaintiff to be Moved to an upper bunk while having knowledge that he required assistance medically and was to be afforded it under the ADA.

51. Defendant Doe is sued under all Applicable statues under the ADA in his official and individual capacity.

52. Plaintiff has a fractured wrist and was under the ADA and California Corrections Regulations was supposed to be housed in a bottom bunk provided by CDCR KVSP at all times.

53. Defendants Doe and Defendants violated Plaintiff's rights when they intentionally assigned him to an upper bunk.

54. Defendant Doe and Defendants violated Plaintiffs rights because his being disabled was not more important than their need for bed space.

55. Defendant Doe's conduct violates 42 USC 1983.

56. Defendant Doe and Defendants conduct violates the ADA.

57. Defendant Doe and Defendants had a legitimate penological interest in not assigning Plaintiff to an upper bunk

10

58. Defendant Doe and Defendants knew after they conducted an adequate investigation that Plaintiff was properly housed in a lower bunk.

59. Defendant Doe and Defendants then intentionally took affirmative steps to mishouse Plaintiff knowing that their actions violated the ADA standards.

60. Doe and Defendants did move Plaintiff into the upper bunk to accommodate another individual.

61. That individual and the remainder of those inmates who are to be under the ADA due to their disability were allowed to be properly housed by Defendants under ADA.

62. When Defendants moved Plaintiff into the upper bunk they violated their own policy made to accommodate inmates in Plaintiff medical situation

63. Defendants prevented Plaintiff from the benefit of CDCR policy as it relates to inmates who require a bottom bunk due to their disability.

11

## E. REQUEST FOR RELIEF

State the relief you are seeking: Monetary Damages According to proof Punitive Damages $300,000.00 per defendant Declaratory Relief of Plaintiff's rights under ADA

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   4-11-23
                    DATE                                                                          SIGNATURE OF PLAINTIFF

(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

(Signature of attorney, if any)

(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.