UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALCLIFF MORGAN DALEY,<br><br>            Plaintiff,<br><br>        vs.<br><br>PELAYO, et al.,<br><br>            Defendants. | **1:20-cv-01129-GSA-PC**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br><br>**(ECF No. 18.)** |

I.      **BACKGROUND**

Alcliff Morgan Daley ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on August 13, 2020.  (ECF No. 1.)  On February 28, 2022, the Court screened the Complaint and dismissed it for failure to state a claim, with leave to amend.  (ECF No. 12.)  On March 21, 2022, Plaintiff filed the First Amended Complaint (ECF No. 13), and on March 29, 2023, the Court issued findings and recommendations to dismiss the First Amended Complaint, with prejudice, for failure to state a claim (ECF No. 16).

On April 17, 2023, Plaintiff filed a motion for leave to amend the complaint and lodged a proposed Second Amended Complaint.  (ECF Nos. 17, 18.)

1

## II.    LEAVE TO AMEND – RULE 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave, and the court should freely give leave when justice so requires.  Fed. R. Civ. P. 15(a)(2).  Here, Plaintiff has previously amended the complaint.  Therefore, Plaintiff requires leave of court to file an amended complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712, 713 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

## III.    PLAINTIFF'S PROPOSED SECOND AMENDED COMPLAINT

Plaintiff is presently incarcerated at Corcoran State Prison, in Corcoran, California.  The events at issue in the proposed Second Amended Complaint allegedly took place at Kern Valley State Prison in Delano, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR).  Plaintiff names as defendants Correctional Officer (C/O) Pelayo, C/O Marin, C/O S. Ochoa, and John Doe (ADA Coordinator who approves bed moves) (collectively, ("Defendants")).

A summary of Plaintiff's allegations follows:

In August of 2018, Plaintiff fractured his right wrist.  The fracture prevented him from conducting nominal tasks such as picking up items off his desk and turning pages in a book.

CDCR medical staff restricted Plaintiff to the lower bed inside the cell.  This is known as a Lower Bunk Chrono ("LBC").

On March 14, 2019, Defendant Pelayo approached Plaintiff and informed him that he would be moving to a different housing unit and cell, in Housing Unit 2, to an upper bunk. Plaintiff told Pelayo that he had a LBC and to verify it on the computer.  Pelayo checked the institutional computer systems ("SOMS") and it reflected that Plaintiff was only to be assigned to a lower bed.  In response, Pelayo said, "Don't worry about it, I need bed space."  (ECF No. 17 at 5 ¶ 12.)

Plaintiff was swiftly moved into the new housing unit.  Upon arriving, Plaintiff was received by Defendants Marin and Ochoa.  Marin told Plaintiff he was moving into cell 130 upper.  Plaintiff objected, telling Marin that he had a LBC as reflected in the computer.  Marin went onto SOMS to verify.  Ochoa responded, telling Plaintiff that he did see Plaintiff's LBC, but they needed the bed space, and as soon as another lower bed became available, they would move Plaintiff into the cell. Plaintiff told Defendants Marin and Ochoa that he could not adequately grip anything and it was extremely painful for him to climb up and down the upper bunk.  Plaintiff continued to explain his difficulties, and Marin asked, "Are you refusing, because we have a lot of lower bunks in Ad Seg."  (ECF No. 17 at 6 ¶ 22.)  Plaintiff responded, "No," he was not refusing, and asked if he could speak to the supervisor.  (Id. at ¶ 23.)  Marin told Plaintiff that the Sergeant had approved the bed move and if Plaintiff did not go into the cell, he would receive a CDCR 115 for delaying an officer and would go to Ad Seg for refusing housing. Plaintiff then went into the cell.

Plaintiff began to experience increased pains in his wrist from climbing up and down from the upper bunk.  Daily, Plaintiff complained to Defendants about being housed on the upper bunk and requested to be moved to a cell where he could have a lower bunk.  Plaintiff asked on at least 20 occasions, but Defendants ignored his requests.

On April 24, 2019, Plaintiff went to see his primary care physician and told the physician about being assigned to the upper bunk even though he had a LBC.  The doctor addressed the LBC and updated it, making it permanent.

Upon returning to the building, 30 minutes after the doctor visit, Defendant Marin told Plaintiff to pack his property because he was moving to a lower bed in a different building.  Marin was standing at Plaintiff's door.  As Plaintiff was climbing down from the bunk, he fell onto his back, hitting his head and losing consciousness.  The fall resulted in Plaintiff suffering a neck and lumbar back sprain, which causes him to suffer a great deal of pain.

Plaintiff seeks declaratory relief and monetary damages including punitive damages.

## IV.   DISCUSSION

Plaintiff's proposed Second Amended Complaint brings a medical claim for violation of the Eighth Amendment and an ADA claim in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 (1994).

### Medical Claim

Plaintiff's medical claim fails.  The fact that a defendant was a trained and experienced correctional officer and knew that Plaintiff had been issued a lower bunk chrono, without more, is not enough to show that the defendant was more than negligent in temporarily assigning Plaintiff to an upper bunk bed because of a shortage of beds.  Plaintiff alleges that he told Defendants Marin and Ochoa that his wrist was painful and he could not grip anything well, but there are no facts showing that either of those Defendants consciously understood that Plaintiff was at substantial risk of serious harm if he climbed up and down from the upper bunk bed and deliberately ignored the risk.  Plaintiff has not alleged facts demonstrating that any of Defendants' conduct rose to the level of deliberate indifference.

### ADA Claim

Plaintiff alleges that he is only suing defendants Pelayo, Marin, and Ochoa in their individual capacities.  The ADA does not provide a basis to sue government officials in their individual capacities. Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA....").  Furthermore, "[t]o recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant." Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). The standard

for intentional discrimination is deliberate indifference, "which requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Plaintiff has not alleged facts showing intentional discrimination by those three Defendants Id. at 1139.  Therefore, Plaintiff fails to state an ADA claim against Defendants Pelayo, Marin, or Ochoa.

Plaintiff alleges that he is suing Defendant Doe, the KVSP supervisor and ADA Coordinator responsible for accommodating Plaintiff with a lower bed, in his/her official and individual capacities.  Plaintiff alleges that Defendant Doe intentionally assigned him to an upper bunk bed, violated Plaintiff's rights because his being disabled was not more important than the need for bed space, knew after an adequate investigation that Plaintiff was properly housed in a lower bunk, and took affirmative steps to mis-house Plaintiff knowing that those actions violated ADA standards.  All of these allegations are conclusory and fail to state a claim.  Therefore, Plaintiff fails to state an ADA claim against Defendant Doe.

### Conclusion

Based on the foregoing, the Court finds that Plaintiff's proposed Second Amended Complaint fails to state a claim against any of the Defendants for which relief may be granted under § 1983 or the ADA.  Thus, the Court finds it would be futile to allow Plaintiff's claims in the proposed Second Amended Complaint to go forward as alleged, because it would be subject to dismissal.

## V.     CONCLUSION AND ORDER

Based on the foregoing, the court finds it would be futile for Plaintiff to file the proposed Second Amended Complaint he submitted to the court.

The fact that Plaintiff has already amended his Complaint [with ample guidance from the court] also weighs against granting leave to amend.  See Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (holding that, in considering whether to grant leave to amend, courts should consider whether the plaintiff has previously amended the complaint); see also City of Los Angeles v. San Pedro Boat Works, 635 F.3d 440, 454 (9th Cir. 2011) ("[T]he district court's

discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (quotation omitted).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion for leave to amend, filed on April 18, 2023, is denied.

IT IS SO ORDERED.

Dated:   **May 15, 2023**                    **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE