1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

ATCLIFF MORGAN DALEY,                           No.  1:20-cv-01129 JLT GSA (PC)

12

                Plaintiff,            ORDER DENYING PLAINTIFF'S MOTION
FOR THE APPOINTMENT OF COUNSEL

13

     v.                                        (ECF No. 33)

14

PELAYO, et al.,

15

                Defendants.           ORDER GRANTING PLAINTIFF'S MOTION
TO AMEND NUNC PRO TUNC

16

(ECF No. 34)

17

ORDER CONSTRUING PLAINTIFF'S
"MOTION TO AMENDED THIRD

18

COMPLAINT" AS PLAINTIFF'S THIRD
AMENDED COMPLAINT

19

(ECF No. 37)

20

ORDER GRANTING PLAINTIFF'S MOTION

21

TO WITHDRAW RESPONSE TO
DEFENDANTS' LIMITED OPPOSITION

22

(ECF No. 41)

23

PLAINTIFF'S FOURTH AMENDED

24

COMPLAINT TO BE FILED BY
**FEBRUARY 29, 2024**

25

26

27

28

1

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this Court are Plaintiff's following motion:  for the appointment of counsel; motion to amend; a "motion to amended [sic] third complaint"; a response to Defendant's limited opposition to Plaintiff's request to file a third amended complaint, and a motion to withdraw that response.  ECF Nos. 33, 34, 37, 40, 41, respectively (brackets added).  Defendants have filed an opposition to Plaintiff's motion for the appointment of counsel; a statement of non-opposition to Plaintiff's motion to amend, and a statement of limited opposition to Plaintiff's "motion to amended [sic] third complaint."  ECF Nos. 35, 36, 38, respectively.

For the reasons stated below, Plaintiff's motion for the appointment of counsel will be denied.  His motion to amend will be granted nunc pro tunc, and his "motion to amended [sic] 'third' complaint" will be formally construed simply as a third amended complaint.

Plaintiff's motion to withdraw his response to Defendants' limited opposition to his request to file a third amended complaint will be granted as improperly filed.  In addition, the deadline dates in the Court's discovery and scheduling order will be vacated and will be reset at a future date.  Finally, Plaintiff will be ordered to file a fourth amended complaint.

I.     MOTION FOR THE APPOINTMENT OF COUNSEL

In support of Plaintiff's motion for the appointment of counsel, Plaintiff states, in part, that his right arm, which is his dominant one, is severely damaged and that this makes it difficult for him to do a lot of writing.  ECF No. 33 at 1-2.  He further states that he is waiting to have orthopedic surgery on his wrist on a yet-to-be disclosed date, and that to date he has had other inmates help him when he needs to do excessive writing.  Id. at 2-3.  In addition, Plaintiff states that this is his first time filing a civil suit and that he has minimal knowledge of how to do so.  Id. at 2.

Defendants argue that the motion should be denied because Plaintiff's assertions about old injuries in his dominant arm contradict earlier statements Plaintiff made in his objections to the Court's findings and recommendations.  See ECF No. 35 at 2.  Specifically, Defendants point out

1   that in the objections, Plaintiff stated that he had done extensive research in the prison law library

2   regarding relevant legal standards.  Id. (citing to Plaintiff's objections to findings and

3   recommendations docketed April 20, 2023).

4          Plaintiff's motion for the appointment of counsel must be denied.  District courts lack

5   authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v.

6   United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may

7   request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell

8   v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36

9   (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, a court must

10  consider a plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to

11  articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v.

12  Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to

13  appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.

14  Circumstances common to most prisoners, such as lack of legal education and limited law library

15  access, do not establish exceptional circumstances that warrant a request for voluntary assistance

16  of counsel.

17         Given the law, neither the fact that this is Plaintiff's first time filing a civil case, nor the

18  fact that he has been receiving help from other inmates in order to prepare documents in this

19  matter, constitute exceptional circumstances.  And neither is the fact that Plaintiff is uncertain

20  when his wrist surgery will be performed amounts to an exceptional circumstance.  For these

21  reasons, the motion will be denied.  If and when Plaintiff does have the wrist surgery, he may

22  request an extension of time from the Court to file whatever may be due at that time.

23         II.   MOTION TO AMEND COMPLAINT

24         In Plaintiff's motion to amend the complaint, docketed September 14, 2023, Plaintiff

25  appears to want to add a John Doe supervisor – the sergeant or lieutenant who approved bed

26  moves the day Plaintiff was rehoused – as a defendant in this case.  See ECF No. 34 at 1.

27

28

3

1    Defendants do not oppose the motion.[1]  See ECF No. 36 at 2.

2            Federal Rule of Civil Procedure 15(a)(1)(B) permits the amendment of a pleading once as

3    a matter of course within twenty-one days after service of a responsive pleading.  Defendants'

4    responsive answer to the second amended complaint was filed August 25, 2023.  ECF No. 29.

5    Plaintiff filed the instant motion to amend on September 8, 2023.  See ECF No. 34 at 1 (signature

6    date of motion to amend).[2]  Because Plaintiff's request to amend is timely under Rule 15, the

7    motion to amend will be granted.

8            III.   "MOTION TO AMENDED 'THIRD' COMPLAINT"

9                A.  Plaintiff's Motion

10           The second motion filed by Plaintiff related to amending the complaint is entitled "Motion

11   to Amended [sic] 'Third' Complaint."  See ECF No. 37 at 1.  However, based on its content and

12   format (see generally id.), it appears that Plaintiff may have intended for the document to be his

13   third amended complaint.  The Court will formally construe it as such and will direct the Clerk of

14   Court to update the related docket entry accordingly.

15               B.  Defendants' Limited Opposition to Plaintiff's Motion

16           In response to the filing, Defendants state that their opposition to it is limited.  ECF No.

17   38 at 1 (brief caption).  Specifically, while they state that they do not oppose the motion, they

18   point out that Plaintiff's motion attempts to introduce four new defendants, one of which the

19   Court has previously screened out.  Id.  They then ask the Court to screen what they call

20   Plaintiff's third amended complaint, to stay this matter, and to vacate and reset all deadlines in the

21   discovery and scheduling order.  Id.  Finally, Defendants state that they reserve their right to

22

23   [1]  The document filed by Defendants clearly states that they do not oppose Plaintiff's motion to
     amend.  See generally ECF No. 36.  However, the entry for the filing on the Court's docket
24   indicates the opposite.  The Clerk of Court will be directed to change this docket entry – along
     with a couple of others – so that they are consistent with the title and/or content of those filings.
25   [2]  The signing date of a pleading is the earliest possible filing date pursuant to the mailbox rule.
     See Roberts v. Marshall, 627 F.3d 768, 769 n.1 (9th Cir. 2010) (stating constructive filing date for
26   prisoner giving pleading to prison authorities is date pleading is signed); Jenkins v. Johnson, 330
     F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds by Pace v. DiGuglielmo, 544
27   U.S. 408 (2005).

28

                                                    4

1    challenge the third amended complaint via the filing of a motion to dismiss.  ECF No. 38 at 1-2.

2              C.  Plaintiff's Response to Defendants' Limited Opposition; Motion to Withdraw

3                  Same

4        In Plaintiff's response to Defendants' limited opposition, docketed December 26, 2023,

5    ultimately, Plaintiff states that during discovery evidence was revealed that supports bringing

6    back the previously screened out Defendant Pelayo as well as the adding of three new defendants.

7    ECF No. 40 at 1.  He believes that there are six defendants who should be held responsible for his

8    injuries.  Id.  He asks the Court to "grant his third amended complaint" and to give all new

9    defendants an additional thirty days to complete discovery and to deny Defendants' limited

10   opposition.  ECF No. 40 at 1-2.

11       Approximately two weeks later, Plaintiff filed the instant motion to withdraw his response

12   to Defendants' limited opposition.  ECF No. 41.  In support of the motion, Plaintiff states that he

13   had not had time to read or to fully understand Defendants' motion, and that the day after he had

14   received it he was sent to administrative segregation where he became suicidal.  Id. at 1-2.  In

15   sum, Plaintiff contends that he misunderstood the content of Defendants' limited opposition.

16   ECF No. 41 at 2.  For this reason, he seeks to withdraw the response.  Id.

17              D.  Discussion

18       The Court construes Plaintiff's "Motion to Amended [sic] 'Third' Complaint" as a third

19   amended complaint.  A general review of the pleading reveals that although it raises the claim of

20   Eighth Amendment deliberate indifference to serious medical need against Defendants (see ECF

21   No. 37 at 2), it is incredibly convoluted.  See generally ECF No. 37.

22                  1.  Applicable Law

23       To state a claim under Section 1983, a plaintiff must allege two essential elements:  (1)

24   that a right secured by the Constitution or laws of the United States was violated and (2) that the

25   alleged violation was committed by a person acting under the color of state law.  See West v.

26   Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

27       A complaint must contain "a short and plain statement of the claim showing that the

28   pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

1  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

2  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

3  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

4  matter, accepted as true, to state a claim to relief that is plausible on its face."  Id.  Facial

5  plausibility demands more than the mere possibility that a defendant committed misconduct and,

6  while factual allegations are accepted as true, legal conclusions are not.  Id. at 677-78.

7      In addition, under Section 1983, a plaintiff bringing an individual capacity claim must

8  demonstrate that each defendant personally participated in the deprivation of his rights.  See Jones

9  v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link

10 between the actions of the defendants and the deprivation alleged to have been suffered by

11 plaintiff.  See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996);

12 see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

13      2.  Analysis

14      Plaintiff's third amended complaint does not clearly raise Eighth Amendment deliberate

15 indifference claims against each Defendant, which is what the law requires.  See Fed. R. Civ. P.

16 8(a)(2) and (d)(1) (requiring short, plain statement and that allegations in pleading be simple,

17 concise, and direct).  This Court cannot – nor does it have the time – to attempt to wade through

18 the statements in the third amended complaint in order to try to assign certain acts and/or offenses

19 to a particular Defendant.  Doing so would unduly burden the Court, and it would be unfair to

20 Defendants.  See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (stating confusing

21 complaints impose unfair burdens on litigants and judges); see also Fed. R. Civ. P. 1 (requiring

22 courts to dispose of cases in just, speedy, inexpensive manner).

23      Although pro se pleadings are to be construed liberally, Plaintiff must present factual

24 allegations sufficient to state plausible claims for relief.  See Hebbe v. Pliler, 627 F.3d 338, 341-

25 42 (9th Cir. 2010).  He has not done so in the third amended complaint.  Therefore, he will be

26 directed to file a fourth amended complaint.

27      IV.  CONCLUSION

28      Plaintiff's motion for the appointment of counsel (ECF No. 33) is  denied.  The difficulty

6

1    Plaintiff has with writing, the pending surgery on his arm, and his unfamiliarity with prosecuting

2    a civil case do not constitute exceptional circumstances which warrant the appointment of

3    counsel.

4            Plaintiff's motion to amend the complaint (ECF No. 34) will be granted after the fact,

5    given that his request to do so was timely under Rule 15.  The fact that Defendants filed a

6    statement of non-opposition to the motion (ECF No. 36) also supports a grant of the motion.

7            The Court will construe Plaintiff's "Motion to Amended [sic] 'Third' Complaint" (ECF

8    No. 37), which was docketed on November 27, 2023, as a third amended complaint.  The third

9    amended complaint, however, is in need of further factual details and clarification.  Plaintiff must

10   be specific as to exactly what each individual Defendant did/or did not do, and do so if possible in

11   a chronological order—moreover, the who, when and where of the claimed actions of each

12   individual defendant must be more clearly set forth.   As a result, in the interests of efficiency and

13   justice, and in an effort to avoid burdening the Court and the litigants, Plaintiff will be given the

14   opportunity to file a fourth amended complaint on the Court's civil rights form.  He will have

15   thirty days to do so.

16           In addition, the Court will vacate the currently calendared discovery and pretrial motion

17   deadlines as Defendants have requested (see ECF No. 38 at 1-2).  The dates will be recalendared

18   at a later time.  Finally, Plaintiff's motion to withdraw his response to Defendants' limited

19   opposition to his motion to amend (ECF No. 41) will be granted as improperly filed.

20           Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall:

21               1.  CHANGE the description of Defendants' September 27, 2023, filing (ECF No.

22   36), from "Opposition" to "Non-Opposition," so that it is consistent with the title on Defendants'

23   filing;

24               2.  CHANGE the description of Plaintiff's "Motion to Amend 'Third' Complaint"

25   docketed November 27, 2023 (ECF No. 37) to "Third Amended Complaint" so that it is

26   consistent with the overall content of the filing, and REMOVE the gavel next to that entry;

27

28

3.  CHANGE the description of Defendants' December 1, 2023, filing (ECF No. 38) from "Opposition" to "Limited Opposition," so that it is consistent with the title on Defendants' filing, and

4.  SEND Plaintiff a copy of the Court's Civil Rights Complaint By a Prisoner form.

IT IS FURTHER ORDERED that:

1.  Plaintiff's motion for the appointment of counsel (ECF No. 33) is DENIED;

2.  Plaintiff's motion to amend the complaint, docketed September 14, 2023 (ECF No. 34), is GRANTED nunc pro tunc;

3.  Plaintiff's "Motion to Amended [sic] 'Third' Complaint" (ECF No. 37) shall be formally CONSTRUED to be Plaintiff's third amended complaint;

4.  Plaintiff's motion to withdraw his response to Defendants' limited opposition to Plaintiff filing a third amended complaint (ECF No. 41) is GRANTED as improperly filed;

5.  Within thirty days from the date of this order – **February 29, 2024,** – Plaintiff shall FILE a fourth amended complaint on the Civil Rights Complaint By a Prisoner form that will be provided to him and shall include more specificity as described above; and

6.  The discovery deadline and pretrial motion dates in the discovery and scheduling order, issued August 28, 2023 (see ECF No. 31), are hereby VACATED.  New dates for these deadlines will be issued after a viable amended complaint is screened and served and Defendants have filed a response to it.

IT IS SO ORDERED.

Dated:   __January 30, 2024__                  _____ **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE

8