UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALCLIFF MORGAN DALEY,<br><br>  Plaintiff,<br><br>  v.<br><br>PELAYO, et al.,<br><br>  Defendants. | No. 1:20-cv-01129 JLT GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>(ECF No. 82) |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. This case is in the discovery phase of the proceedings. See ECF No. 79 (second discovery and scheduling order).

Plaintiff has filed a motion for the appointment of counsel. ECF No. 82. For the reasons stated below, the motion will be denied.

I.   MOTION FOR THE APPOINTMENT OF COUNSEL

In support of Plaintiff's motion for the appointment of counsel, he states in part that he has limited prison law library access; that he is a "layman at law"; that he does not know which papers to file in order to continue to litigate this case; that his first language is not English, and that he has limited formal education. ECF No. 82 at 2-3. Plaintiff further asserts that he cannot

1

afford to hire counsel to represent him and that the issues in this case are complex. Id. at 3.

## II. APPLICABLE LAW

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).

The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

## III. DISCUSSION

Plaintiff's motion for the appointment of counsel must be denied because no exceptional circumstances have been presented in it. In addition, the fact that Plaintiff's complaint has been served and that it is in the discovery phase of the proceedings indicates a possibility that his complaint could be successful on its merits. In addition, the Court notes the fact that this case has been on its docket since 2020, and to date Plaintiff has satisfactorily prosecuted the mater without the assistance of counsel despite any asserted complex legal issues that may exist in it.

For these reasons, having considered the factors under Palmer, the Court finds that Plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Therefore, his motion will be denied.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel (ECF No. 82) is DENIED.

IT IS SO ORDERED.

Dated: **July 23, 2025**   **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE