UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALCLIFF MORGAN DALEY,<br><br>          Plaintiff,<br><br>     v.<br><br>PELAYO, et al.,<br><br>          Defendants. | No.  1:20-cv-01129 JLT GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS<br><br>(ECF No. 83) |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this Court is Plaintiff's motion for sanctions.  ECF No. 83.  For the reasons stated below, the motion will be denied.

I.     PLAINTIFF'S MOTION FOR SANCTIONS

     A.  Plaintiff's Motion

In support of Plaintiff's motion for sanctions, which was docketed on July 21, 2025 (see ECF No. 83), Plaintiff states that because he served Defendants with discovery on May 22nd.[1] Defendants' responses to his discovery requests were due on July 5, 2025.  Id. at 1.  However, as

---

[1] Plaintiff states that he served Defendants with his discovery requests on "May 22, 2019."  See ECF No. 83 at 1.  The Court presumes that he meant "May 22, 2025."

1

1  of July 17, 2025, Plaintiff states that he had not received certain responses from Defendants. <u>Id.</u>
2  at 1-2. Plaintiff further argues that Defendants have repeatedly violated the Court's scheduling
3  order, and they have done so in bad faith. <u>Id.</u> at 2.

### B. <u>Defendants' Opposition</u>

In response, Defendants dispute the due date of discovery responses, contending that they were due on July 9, 2025, not July 5, 2025, which was agreed upon by the parties. ECF No. 85 at 3. This, Defendants argue, is consistent with the Court's second scheduling order which states that written discovery requests are due forty-five days after the request has been served, and that it is also consistent with "Federal Rule of Civil Procedure 6(e)," which adds an additional three days to a due date when documents are served by mail. <u>See</u> ECF No. 85-1.

Counsel for Defendants, Deputy Attorney General, Jiaye Zhou ("DAG J. Zhou"), further avers that on June 18, 2025, s/he sent a letter to Plaintiff which stated as much. ECF No. 85-1 at 1-2 (Decl. of DAG J. Zhou). DAG Zhou further states that on June 29, 2025, Plaintiff acknowledged having received the letter. <u>Id.</u> at 2.

DAG Zhou states that Defendants served their responses to Plaintiff's discovery requests on July 9, 2025. ECF No. 85-1 at 2. However, because Defendant Salazar was temporarily unavailable to sign the verification, his objections to Plaintiff's interrogatories were served on Plaintiff the next day. <u>Id.</u> Despite this fact, DAG Zhou avers, Plaintiff filed the instant motion, which the Court notes was signed July 17, 2025. ECF No. 83 at 3. Three days later, DAG Zhou states that a belated meet and confer letter was also served on Defendants by Plaintiff. ECF No. 85-1 at 2.

Finally, DAG Zhou states that in an effort to resolve the problem informally, on July 31, 2025, s/he called Plaintiff. ECF No. 85-1 at 2. Plaintiff, however, was not receptive to DAG Zhou's explanation, and stated his intent to file another motion to compel. <u>Id.</u> Thereafter, DAG Zhou states that Defendants' responses to Plaintiff's discovery were re-served on Plaintiff with both the July 9, 2025 proof of service and the July 31, 2025, proof of service. <u>Id.</u> Copies of the

stated documents as Exhibits 1-5 are said to be attached to Defendants' opposition.[2] See ECF No. 85-1 at 1-2.

## II.  DISCUSSION

Plaintiff's motion for sanctions will be denied for a couple of reasons.  First, Defendants' service of the discovery responses in question – including those of Defendant Salazar – was timely.  It appears that Plaintiff's discovery was served on Defendants on May 22, 2025.  See ECF No. 83 at 2; ECF No. 85-1 at 1.  Forty-five days from May 22, 2025, is July 6, 2025.

The Court takes judicial notice of the fact[3] that July 6, 2025, was a Sunday.  Therefore, consistent with Federal Rule of Civil Procedure 6(a)(1)(A)-(C), Defendants' responses to Plaintiff's discovery were technically due on Monday, July 7, 2025, not July 5, 2025, as Plaintiff contends.  Thereafter, when one adds the three additional days to which Defendants are entitled under Federal Rule of Civil Procedure 6(d),[4] because Defendants' documents were served on Plaintiff via the mail, they were due by July 10, 2025, not July 9, 2025, as DAG Zhou states.  See ECF No. 85-1 at 1-2.

Given these facts, the discovery responses that DAG Zhou had served on Plaintiff on behalf of Defendants on July 9, 2025, and July 10, 2025, were all timely.  For these reasons, Plaintiff's motion for sanctions will be denied.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for sanctions (ECF No. 83) is DENIED.

---

[2] The Court notes for the record that DAG Zhou failed to file Exhibits 1-5 with Defendants' opposition to Plaintiff's motion to compel.  See generally ECF No. 85-1 (Decl. of DAG J. Zhou).  Therefore, the veracity of DAG Zhou's declaration is not supported by those documents.

[3] See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[4] DAG Zhou's assertion that the three-day extension period is pursuant to "Federal Rule of Civil Procedure 6(e)" (see ECF No. 85-1 at 2) is also incorrect, because *there is no "Rule 6(e)."*  It is Federal Rule of Civil Procedure *6(d)* that permits litigants to add an additional three days onto a due date.  See Fed. R. Civ. P. 6(d).

IT IS SO ORDERED.

Dated: __August 13, 2025__                    /s/ Gary S. Austin
                                       UNITED STATES MAGISTRATE JUDGE

4