UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALCLIFF MORGAN DALEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PELAYO, et al.,<br><br>　　　　Defendants. | No.  1:20-cv-01129 JLT GSA (PC)<br><br>ORDER DIRECTING DEFENDANTS TO FILE RESPONSE TO ALLEGATIONS IN PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 94)<br><br>DEFENDANTS' RESPONSE DUE IN FOURTEEN DAYS |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this Court is Plaintiff's motion for reconsideration of the Court's denial of his motion for sanctions.  ECF No. 94.  For the reasons stated below, prior to ruling on the motion, Defendants will be ordered to file a response to the allegations Plaintiff has made in it.  Defendants will be given fourteen days to do so.

I. <u>RELEVANT FACTS</u>

On July 21, 2025, the motion for sanctions at issue was docketed.  ECF No. 83.  In it, Plaintiff asked the Court to sanction Defendants on the purported grounds that they had not served their discovery on him on time; that they had repeatedly violated the Court's scheduling

1

order, and that they had done so in bad faith. See ECF No. 83 at 1-2.

On August 13, 2025, the Court denied the motion ultimately finding that counsel for Defendants had served Plaintiff with discovery on time. See ECF No. 89 at 3.

## II. MOTION FOR RECONSIDERATION

In support of his motion for reconsideration, Plaintiff argues, in relevant part, that there is "new" information, namely, that there are rules and case law that the Court did not consider. See ECF No. 94 at 2. Thereafter, Plaintiff cites to multiple rules, like Local Rules 230(d) & (j), 251(e) and 26-3(c), as well as to Federal Rules of Civil Procedure 33(b)(3)-(5) and 37, and he implies that the Court did not consider them. See ECF No. 94 at 2-4. Plaintiff also attempts to re-dispute the date of Defendants' discovery responses, their claimed unavailability and the like. See generally id. at 3-4.

## III. DISCUSSION

Given the content of Plaintiff's motion for reconsideration – specifically: (1) Plaintiff's allegations that there is newly discovered evidence related to Defendant Gallagher's July 9, 2025, responses and July 8, 2025, verification, as well as with respect to Defendant Salazar's stated unavailability, versus his verified response dated July 9, 2025, and (2) Plaintiffs claims that the local and federal rules to which he has cited are relevant to the Court's reconsideration of his motion for sanctions, out of an abundance of caution, prior to ruling on Plaintiff's motion for reconsideration, the Court will order Defendants to file a response to the arguments that Plaintiff has made in his motion for reconsideration. Defendants will be given fourteen days to do so.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants shall FILE a response to the arguments that Plaintiff has made in his motion for reconsideration of the Court's denial of his motion for sanctions. See ECF No. 94, and

2. Defendants shall have fourteen days to file their response.

IT IS SO ORDERED.

Dated: __September 26, 2025__               /s/ Gary S. Austin
                                      UNITED STATES MAGISTRATE JUDGE