UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALCLIFF MORGAN DALEY, | No.  1:20-cv-01129-JLT-FJS (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION RELATING TO SETTLEMENT CONFERENCE HELD ON MARCH 12, 2026 |
| v. | |
| PELAYO, et al., | (ECF No. 115) |
| Defendants. | |

On March 12, 2026, a settlement conference was held before the undersigned and the instant case did not settle.  (ECF No. 113.)

On March 20, 2026, Plaintiff filed a motion relating to the settlement conference arguing that his rights were violated because the defense attorneys from his case in the Northern District of California were present during the conference without his knowledge.  (ECF No. 115.) Plaintiff also requests that the undersigned be recuse himself from further involvement in the case.  (Id.)

**I.**

**DISCUSSION**

**A.    Joint Settlement of Northern District of California Case**

Plaintiff contends his due process rights were violated by the presence of defense attorneys from his Northern District of California case at the settlement conference in this case.

1

Pursuant to the Court's order , the parties were specifically advised to include in their settlement conference statement if they "intend to discuss the joint settlement of any other actions or claims not in this suit, [and] give a brief description of each action or claim as set forth above, including case number(s) if applicable." (ECF No. 108 at 3:18-20.)  Thus, Plaintiff had notice that his other cases may be discussed during the settlement conference in this matter.  Indeed, although a settlement agreement was not reached in this case, Plaintiff was able to reach a settlement agreement in the Northern District case.  (ECF No. 113.)  Accordingly, there is no merit to Plaintiff's claim that his due process rights were violated.

### B. Recusal

Plaintiff requests that the undersigned recuse himself from any further proceedings in this case based on prejudice and bias.

Whether a federal judge must recuse oneself is governed by 28 U.S.C. § 455. Title 28 U.S.C. § 455 provides that a "magistrate judge shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned" or "[w]here [she] has a personal bias or prejudice concerning a party." 28 U.S.C. §§ 455(a). "The standard for judging the appearance of partiality requiring recusal under 28 U.S.C. § 455(a) is an objective one and involves ascertaining 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.' " United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008); Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1991) (citations omitted). The "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather is a "well-informed, thoughtful observer." Holland, at 913. "The standard 'must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.' " Holland, 519 F.3d at 913. The court's analysis is "fact-driven" requiring "an independent examination of the unique facts and circumstances of the particular claim at issue." Id. at 914 (citation omitted). Thus, "except in the "rarest of circumstances," recusal under § 455(a) is limited to "extra judicial source" factors requiring the reason for recusal to be "something other than rulings, opinions formed or statements made by the judge during the course of trial." Id. (citing Liteky v. United States, 510

U.S. 540, 554–56 (1994)).

With these standards in mind, the Court declines to recuse himself from this case.  As an initial matter, at the beginning of the settlement conference, the parties were specifically advised and acknowledged the following:

> In attempting to facilitate a settlement, the Court acts as a neutral and impartial arbiter to assist the parties in exploring a voluntary settlement of the dispute. The Court does not advocate for either party and the sole purpose of the Court is to facilitate a settlement that is fundamentally fair, adequate, and reasonable to both parties. During settlement discussions, the Court will candidly address the strengths and weaknesses of their case. The Court does not and will not consider any outstanding restitution obligation in assessing the value of the case. The parties are advised not to be offended by any comments that are made in discussing the strengths or weakness of the claims proceeding. Such discussion is only in the interest of assisting the parties to consider the advantages of settling in contrast to the risk of proceeding with the action. The parties are under no obligation to settle this case, and nothing the Court says or does at the settlement conference should be perceived as pressuring or influencing either party to settle the case.

Plaintiff does not identify any reasons, yet alone identifying any extra judicial source factors, to warrant a recusal. As explained above, Plaintiff's belief that his due process rights were violated because defense attorneys from his Northern District case were present during the settlement conference in this case is unfounded.  Further, Plaintiff's disagreement with certain statements by the undersigned relating to the settlement conference does not provide a valid showing of bias.  The plaintiff was given an opportunity to be heard about his settlement offers as were the defendants.  In the end, the case did not settle which was where the case was prior to the settlement.  While he may not appreciate an assessment of his cases, similar assessment was also provided to the defendants as was given.  The undersigned's knowledge and statements arose solely from his judicial duty to facilitate the settlement conference, not from extra judicial sources.  To the extent that Plaintiff argues the undersigned should be recused because the undersigned conducted a settlement conference is unavailing. This Court's Local Rules permit the undersigned to conduct a settlement conference because the undersigned is not the trial judge. Local Rule 270(b).

3

**II.**

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion regarding the settlement conference and request for recusal is DENIED.

IT IS SO ORDERED.

Dated:   **March 25, 2026**

_____
STANLEY A. BOONE
United States Magistrate Judge

4