# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALCLIFF MORGAN DALEY,<br><br>              Plaintiff,<br><br>      v.<br><br>PELAYO, et al.,<br><br>              Defendants. | Case No.  1:20-cv-01129-JLT-FJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF AUGUST 13, 2026 ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS<br>(ECF No. 94)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL<br>(ECF Nos. 88, 90, 91)<br><br>ORDER DENYING PLAINTIFF'S MOTION IN LIMINE AND MOTION FOR SUBPOENA AS PREMATURE<br>(ECF Nos. 100, 101)<br><br>ORDER RESETTING DISPOSITIVE MOTIONS DEADLINES<br><br>Exhaustion Motion Deadline: **May 1, 2026**<br>Dispositive Motion Deadline: **June 30, 2026** |

## I.      Procedural Background

Plaintiff Alcliff Morgan Daley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's fourth amended complaint against Defendants S. Ochoa, P. Marin, J. Pelayo, P. Gallagher, and R. Salazar ("Defendants") for deliberate indifference to serious medical need in violation of the Eighth Amendment.

On July 21, 2025, Plaintiff filed a motion for sanctions, arguing that Defendants did not timely respond to his discovery requests and had repeatedly violated the Court's scheduling order in bad faith. (ECF No. 83.) Defendants filed an opposition on August 7, 2025, contending that the responses were timely served and were then re-served when they learned the responses were apparently lost in the mail. (ECF No. 85.) On August 13, 2025, the then-assigned Magistrate Judge issued an order denying Plaintiff's motion for sanctions, finding that Defendants' discovery responses were timely served. (ECF No. 89.)

On August 25, 2025, the Court received Plaintiff's reply brief in support of his motion for sanctions, signed and dated August 19, 2025. (ECF No. 92.) On August 27, 2025, Plaintiff filed the instant motion for reconsideration of the Court's order denying his motion for sanctions, primarily arguing that it was improper for the Court to rule on Plaintiff's motion for sanctions without allowing him the opportunity to file a reply brief, and that the arguments raised in his reply brief presented grounds for reconsideration of the order on the motion for sanctions. (ECF No. 94.) Following the Court's order for a response, Defendants filed an opposition to the motion for reconsideration on October 10, 2025. (ECF Nos. 96, 98.) Plaintiff did not file a reply.

On August 11, 2025, prior to the Court's order denying Plaintiff's motion for sanctions, Plaintiff filed a motion to compel discovery responses and deem requests for admissions admitted regarding the same discovery requests and responses at issue in the motion for sanctions. (ECF No. 88.) Plaintiff filed two supplemental motions to compel. (ECF No. 90, 91.) Defendants filed an omnibus opposition on August 26, 2025. (ECF No. 93.) Plaintiff filed a reply on September 15, 2025. (ECF No. 95.)

On November 24, 2025, Plaintiff filed a motion in limine to exclude certain evidence, together with a motion for subpoenas of two witnesses to testify at trial. (ECF Nos. 100, 101.) Defendants filed an opposition to both motions on December 9, 2025. (ECF No. 103.) Plaintiff filed a reply brief on December 29, 2025. (ECF No. 105.)

At the request of the parties, this case was set for a video settlement conference on March 12, 2026. (ECF Nos. 104, 106, 108.) As the case did not settle, (ECF No. 113), this action is ready to proceed. Plaintiff's motion for reconsideration, motions to compel, and motions in

2

limine and for subpoenas are deemed submitted.  Local Rule 230(l).  Plaintiff's motions are addressed below.

## II.        Plaintiff's Motion for Reconsideration

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  Additionally, pursuant to this court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(j).

Plaintiff has not shown that reconsideration of the Court's order denying his motion for sanctions is warranted.  Plaintiff claims that there are "new and compelling facts" in his reply brief, including key case law and procedural rules that Plaintiff asserts the Court overlooked, "that would have materially altered the outcome" on his motion for sanctions.  (ECF No. 94, p. 2.)  But having reviewed the arguments and citations raised in Plaintiff's August 25, 2025, reply brief, the Court finds that these arguments are all based on facts and circumstances that existed at the time Plaintiff's motion was filed, and were available for consideration by the then-assigned Magistrate Judge.  Ultimately, the Court determined that Defendants' discovery responses were timely served on Plaintiff, and the motion for sanctions was denied on that basis.  (ECF No. 89, p. 3.)  Any argument raised by Plaintiff regarding inconsistencies in the dates that Defendants signed their verifications and the dates that Defendants signed the final versions of the discovery responses before service, reflect the "ordinary administrative sequence" of reviewing and signing the finalized responses prior to mailing on the next day.  (*See* ECF No. 98, p. 2.)  Plaintiff has presented no more than his own speculation that differences in these dates constitutes any form of misconduct, much less sanctionable misconduct, on the part of Defendants.  Such speculation does not constitute the type of "newly discovered evidence" or "different facts or circumstances"

3

that warrant reconsideration under Federal Rule of Civil Procedure 60(b) or Local Rule 230(j).

To the extent Plaintiff argues that reconsideration is nevertheless warranted due to the Court's denial of his motion for sanctions prior to the filing of Plaintiff's reply brief, the Court is unpersuaded.  The Court has considered the arguments raised therein and does not find that they would have materially altered the ruling on Plaintiff's motion for sanctions.  Plaintiff's attempt to invoke various Local Rules for the proposition that verifications must be signed on the same date as the discovery responses are served is unavailing.  None of the cited Local Rules support this argument.  As previously noted, the then-assigned Magistrate Judge found that Defendants' discovery responses were timely served, including the verifications, notwithstanding that the verification was signed prior to the service date.  The motion for reconsideration is therefore denied.

**III.     Plaintiff's Motions to Compel and Supplemental Motions to Compel**

As noted above, Plaintiff's motion to compel discovery responses and deem requests for admissions admitted and supplemental motions to compel relate to the same discovery requests and responses at issue in the motion for sanctions and motion for reconsideration.  (ECF Nos. 88, 90, 91.)  Plaintiff does not challenge the substantive adequacy of Defendants' discovery responses.[1]  Instead, Plaintiff raises the same arguments that the responses were untimely, Defendant Salazar's July 9 objections and July 10 verified responses are contradictory, and the differences in the dates that the verifications were signed and responses were served is evidence of sanctionable misconduct.  (ECF Nos. 88, 90, 91.)

Again, the Court has found that Defendants' discovery responses were timely served. (ECF No. 89); *supra* at Part II.  Defendants served their responses by mail on July 9 and July 10, 2025.  (ECF No. 93-1, Exs. 3, 5.)  After learning that Plaintiff had not received their responses and intended to file a motion to compel, defense counsel attempted to resolve the issue informally by re-serving Defendants' responses on July 31, 2025, together with the original July 9 proof of

---

[1] Plaintiff offers boilerplate objections to the adequacy of Defendants' responses to the interrogatories and requests for production, but Plaintiff does not explain how or why those responses are inadequate.  A review of Defendants' discovery responses (attached as Exhibits B & C to ECF No. 88) does not reveal a facial inadequacy.

4

service.  (*Id.*, Ex. 7.)

Plaintiff contends that Defendants and defense counsel are misrepresenting the facts, the discovery responses were not served until July 31, 2025, were untimely, and therefore Plaintiff's requests for admission should all be deemed admitted.  (ECF No. 88.)  Plaintiff presents no evidence, aside from his own speculation, to support a finding of this asserted misrepresentation. The evidence in the record indicates that Defendants acted in good faith in timely serving their discovery responses and, upon learning that the responses were apparently lost in the mail, immediately re-serving their responses on Plaintiff together with the original proof of service. (ECF No. 93.)  It was based on this evidence that the then-assigned Magistrate Judge found that Defendants' discovery responses were timely in response to Plaintiff's earlier motion for sanctions raising this same argument.  (ECF No. 89, p. 3.)  This Court finds no reason to disturb that prior finding.  Moreover, the Court has already addressed Plaintiff's remaining arguments regarding the date that Defendants' verifications and proofs of service were signed, and alleged contradictions or inconsistencies between Defendant Salazar's verified responses and objections. *Supra* Part II.  In sum, Plaintiff's dissatisfaction with the timing and dating of Defendants' discovery responses does not justify (1) a motion to compel further responses from Defendants, (2) a finding of waiver of objections, or (3) deemed admissions for failure to respond to requests for admission.

**IV.     Plaintiff's Motions in Limine and for Subpoenas**

In his motion in limine, Plaintiff requests the exclusion of certain evidence pursuant to Federal Rules of Evidence 401, 402, 403, and 404(b).  (ECF No. 100.)  Plaintiff also requests blank subpoena forms to obtain essential witnesses PA Robin McConnell and Dr. Jeffrey Wang, as well as the daily witness fee and travel expenses of both witnesses.  (ECF No. 101.)

Defendants filed a limited opposition to Plaintiff's motions, arguing that they should be denied, without prejudice, as premature in light of the upcoming dispositive motion deadline and to conserve judicial resources.  (ECF No. 103.)

Plaintiff argues in reply that Defendants failed to address his motions on the merits, and he should not be precluded from trial preparation based on a speculative argument that the case

may be resolved on summary judgment.  (ECF No. 105.)

Plaintiff's motions are denied, without prejudice, as premature.  Despite Plaintiff's argument to the contrary, conserving the resources of the Court (and the parties) is a sufficient basis for denying Plaintiff's motions.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (explaining that a court possesses the inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").  This case may be resolved in full or in part by a motion for summary judgment.  As such, it would be a waste of the resources of the Court and the parties to address Plaintiff's motion in limine on the merits at this time.  At this stage in litigation, Defendants have not yet determined what evidence they intend to use at trial, nor has the Court set a deadline for filing motions in limine. *Antoninetti v. Chipotle Mexican Grill, Inc.*, Nos. 05-cv-1660-J (WMc), 06-cv-2671 (WMc), 2007 3333109 at *3 (S.D. Cal. Nov. 8, 2007) (denying plaintiff's motion in limine as premature because defendant has not yet determined what evidence it will introduce); *see also Branch v. Umphenour*, Case No. 1:08-cv-01655-SAB-PC, 2015 WL 9273272 at *3 (E.D. Cal. Dec. 21, 2015) (denying plaintiff's motions in limine as premature until a trial scheduling order is issued).

Furthermore, the Court notes that issuance of subpoenas for the attendance of witnesses at trial is similarly premature at this time.  No trial date has been set, and therefore no subpoenas can currently command witnesses where and when to appear to testify at a trial in this action.

Plaintiff will be permitted to renew his motions in limine and for subpoenas, as necessary and appropriate, when and if this action is set for a trial.  At that time, an order will be issued to schedule trial and pretrial dates, including deadlines for filing motions in limine and setting forth procedures for obtaining the attendance of witnesses at trial.

## V.    **Dispositive Motion Deadlines**

Based on the above, the Court finds it appropriate to reset the dispositive motion deadline in this action.  Pursuant to the Court's second discovery and scheduling order, (ECF No. 79), and subsequent orders extending the dispositive motion deadline, all dispositive motions (including motions for summary judgment on the issue of failure to exhaust administrative remedies) were due on or before January 7, 2026, (ECF Nos. 87, 102.)  That deadline was vacated pending the

outcome of the March 12, 2026, settlement conference.  (ECF No. 106.)  As the case did not settle, Defendants have requested that the Court reset the summary judgment deadline to a date at least thirty days after the settlement conference.  (ECF No. 104.)

In the interest of deciding any exhaustion question "as early as feasible," *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014), the Court also finds it appropriate to set separate deadlines for the filing of motions for summary judgment on the issue of exhaustion and on the merits of this action.

**VI.    Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's motion for reconsideration of the Court's August 13, 2025, order denying Plaintiff's motion for sanctions, (ECF No. 94), is DENIED;

2.  Plaintiff's motion to compel and supplements to the motion to compel, (ECF Nos. 88, 90, 91), are DENIED;

3.  Plaintiff's motion in limine and motion for subpoena, (ECF Nos. 100, 101), are DENIED, without prejudice as premature;

4.  The deadline for filing motions for summary judgment under Federal Rule of Civil Procedure 56 for failure to exhaust administrative remedies is **May 1, 2026**;

5.  The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is **June 30, 2026**; and

6.  Any request for an extension of these deadlines must be filed on or before the expiration of the deadline.  The parties are advised, however, that an extension of time will only be granted upon a clear showing of good cause.

IT IS SO ORDERED.

Dated:   **March 27, 2026**

FRANK J. SINGER
UNITED STATES MAGISTRATE JUDGE